TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00036-CR






Charles Randel Wiethorn, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT

NO. D-08-0748-SB, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 A jury found the appellant, Charles Randel Wiethorn, guilty of assault on a
public servant. See Tex. Penal Code Ann. § 22.01(a)(1), (b) (West 2011). The trial court assessed
punishment, enhanced by two prior felony convictions, at 45 years' imprisonment. Wiethorn appealed
his conviction with the aid of court-appointed attorneys. His first two attorneys filed motions to
withdraw as counsel, supported by briefs asserting that Wiethorn's appeal was frivolous and without
merit. See Anders v. California, 386 U.S. 738, 744 (1967). In response, Wiethorn filed pro se briefs
asserting that he had an arguable ground for appeal, namely that the trial court erred by refusing to
instruct the jury it could convict him of the lesser-included offense of resisting arrest. See Tex. Code
Crim. Proc. Ann. art. 37.09 (West 2006) (defining "lesser-included offense"); Tex. Penal Code Ann.
§ 38.03(a) (West 2011) (listing elements of offense of resisting arrest). We concluded that Wiethorn
had raised an arguable ground for appeal, so we remanded the cause for appointment of new counsel
and new briefing on the issue. Having finally received full briefing, we affirm the conviction.


FACTUAL AND PROCEDURAL BACKGROUND

 On June 15, 2008, a bystander observed Wiethorn struggling in the water of the
Concho River. She called for police assistance, and San Angelo Police Officer Todd Dornhecker
responded to the scene. He helped Wiethorn out of the water and then determined that Wiethorn
appeared intoxicated. Accordingly, Dornhecker arrested Wiethorn for public intoxication and
handcuffed him.

 San Angelo Police Officer Terry Edge was assigned to transport Wiethorn to jail.
Edge testified that while he attempted to put the handcuffed Wiethorn into the back of his patrol car,
Wiethorn struggled and resisted. Wiethorn's body turned sideways, he fell backward into the car,
and his upper body became wedged in the space between the rear seat and the cage separating
the rear seat from the front seat. Wiethorn's legs were protruding from the car toward Edge, and
Wiethorn's body was lying facing-up. Edge reached into the car to grab Wiethorn and reposition
him. He testified that when he did so, Wiethorn began to kick, striking the car door and then Edge's
groin with his right foot. Edge then pulled Wiethorn out of the car and took him to the ground.
Wiethorn got back up, and Edge took him to the ground again. During the struggle, Edge's left knee
and right hand hit the ground, leaving scuff marks on his left pant leg and abrasions on his right
wrist and knuckles. Wiethorn's head hit the ground too, leaving cuts and bruises on his face. Edge
eventually regained control of Wiethorn, secured him in the back of the patrol car, and transported
him to jail.

 The State charged Wiethorn with assault on a public servant, and Wiethorn pleaded
not guilty. During trial, the State introduced photographs into evidence that showed Officer Edge's
condition shortly after the events in question. Among other things, the photographs showed a footprint
on the groin area of Edge's pants. In testifying to the above events, Edge repeatedly characterized
Wiethorn's behavior during the altercation as "resisting." He also initially testified that Wiethorn
"planted" his foot in his groin rather than "kicked" him in the groin. In follow-up questioning,
however, he clarified that Wiethorn had in fact "kicked" him. Edge also testified that he believed
Wiethorn intended to kick him directly in the groin, stating, "Kicking somebody there in that spot
is pretty deliberate."

 Edge testified that Wiethorn caused him physical pain when he kicked him, but on
cross examination he admitted that on the night in question he told a colleague that Wiethorn had
not hurt him. Edge also admitted that on the night in question he said to a colleague, "He [Wiethorn]
tried to kick me when I was pulling him, putting him in the car, and that was the wrong idea."
(Emphasis added.) Edge explained these statements by saying that Wiethorn had in fact kicked and
hurt him, but when Edge was speaking with his colleague Wiethorn was nearby, and Edge did not
want Wiethorn to know that he had hurt him. Wiethorn's attorney followed up by asking Edge
specifically whether he had said, "I am not hurt" on the night in question, and Edge replied, "As a
protracted loss, no, I am not hurt, injured. Did it hurt? Yeah, it hurt, but was I out of commission,
no." Edge admitted that he was released to go back on duty the same night.

 Wiethorn subsequently took the stand. He testified that as he was being put in the
patrol car he "struggled," "wasn't being obedient," and was "resisting," but he also testified that
kicking Edge was "the last thing that [he] would do." Later, on cross-examination, he was asked
directly whether or not he kicked Edge, and he said, "I don't recall kicking anybody. That's all I can
truthfully say." Wiethorn claimed that he could not recall all the details of his altercation with Edge,
either because he was drunk during the altercation or because he hit his head on the asphalt during
the altercation.

 During the jury-charge conference, Wiethorn asked the court to give the jury a lesser-included-offense instruction on resisting arrest. The court refused. The jury convicted Wiethorn of
assault on a public servant, and this appeal followed.


STANDARD OF REVIEW

 A trial court errs by refusing to give a lesser-included-offense instruction if (1) the
lesser offense is included within the proof necessary to establish the charged offense and (2) some
evidence exists that would permit a rational jury to find the defendant guilty of only the lesser
offense. Hall v. State, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).


DISCUSSION

 Wiethorn was charged with assault on a public servant. He argues that the trial court
erred by refusing to instruct the jury it could convict him of the lesser-included offense of resisting
arrest. To determine whether the trial court erred, we engage in the two-step analysis laid out in
Hall. Id. First, we compare the elements of the charged offense as alleged in the indictment with
the elements of the potential lesser-included offense. Id. In performing this step, we do not consider
the evidence that was presented at trial; instead, we consider only the statutory elements of the
charged offense as they were modified by the particular allegations in the indictment. Id. at 536.
If this analysis reveals that the lesser offense is included within the proof necessary to establish
the charged offense, only then will we proceed to the second step of the analysis, which involves
determining whether some evidence exists that would permit a rational jury to find the defendant
guilty of only the lesser offense. Id. at 535-36.

 In this case, the indictment alleged that Wiethorn did


intentionally, knowingly, or recklessly cause bodily injury to Terry Edge by kicking
the said Terry Edge, and the defendant did then and there know that the said Terry
Edge was then and there a public servant, to-wit: a police officer, and that the said
Terry Edge was then and there lawfully discharging an official duty, to-wit: arresting
said defendant.



See Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (listing elements of assault on public servant). In
contrast, a person commits the offense of resisting arrest "if he intentionally prevents or obstructs
a person he knows is a peace officer . . . from effecting an arrest, search, or transportation . . . by
using force against the peace officer or another." Id. § 38.03(a). Comparing the charged offense
as alleged in the indictment with the proposed lesser-included offense, it is clear that the former
could be proved with a less culpable mental state than the latter. Gilmore v. State, 44 S.W.3d 92, 96
(Tex. App.--Beaumont 2001, pet. ref'd) ("The assault offense includes a reckless mental state
whereas resisting arrest proscribes only intentional conduct."). Additionally, the proposed lesser-included offense contains at least one element that the charged offense as alleged in the indictment
does not: "prevents or obstructs." See id. ("prevents or obstructs" element of resisting-arrest statute
is "not functionally the same or less than" any element of assault-on-public-servant statute). As a
result, on the facts of this case, the proposed lesser-included offense was not included within the
proof necessary to establish the charged offense as alleged in the indictment. Thus, Wiethorn was
not entitled to a lesser-included-offense instruction. See Hall, 225 S.W.3d at 536-37 (holding that
defendant was not entitled to lesser-included-offense instruction because proposed lesser-included
offense contained elements that charged offense did not). (1) We overrule Wiethorn's issue and affirm
the conviction.


 __________________________________________

 David Puryear, Justice

Before Justices Puryear, Pemberton and Goodwin

Affirmed

Filed: March 7, 2012

Do Not Publish
1. We express no opinion as to whether, post-Hall, resisting arrest could be a lesser-included
offense of assault on a public servant given different facts.